**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DESIGNER BRANDS INC.,**
**et al.,**

                    **Plaintiff,**

     **v.**                               **Civil Action 2:25-cv-765**
                                           **Judge Michael H. Watson**
                                         **Magistrate Judge Elizabeth P. Deavers**

**SONY MUSIC ENTERTAINMENT,**
*et al.,*

                    **Defendant.**

## PRELIMINARY PRETRIAL ORDER

       Based upon the parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil

Procedure, the Court **ADOPTS** the following schedule:

<u>INITIAL DISCLOSURES</u>

Any initial disclosures shall be made by **JANUARY 23, 2026**.

<u>VENUE AND JURISDICTION</u>

Defendant Sony Music Entertainment has filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). Any additional motion related to venue or jurisdiction shall be filed by **DECEMBER 4, 2025**.

<u>PARTIES AND PLEADINGS</u>

Any motion to amend the pleadings or to join additional parties shall be filed by **APRIL 15, 2026**.

<u>ISSUES</u>

This is a declaratory judgment action in which Plaintiffs seek a finding that they do not infringe any valid and enforceable copyright of Defendants. Plaintiffs allege that Defendants' alleged copyright infringement claims are barred by their own misleading conduct and their lucrative agreements with social media platforms. Plaintiffs further allege that they expect discovery will demonstrate that Defendants have accused posts that include licensed or otherwise permissible uses of music, and in all cases Plaintiffs acted innocently and in good faith. Defendants contend, however, that Plaintiffs have willfully infringed their copyrighted works by using such works for

commercial purposes in Plaintiffs' social media advertisements and posts on various social media platforms without obtaining the requisite licenses directly from Defendants or paying Defendants' customary licensing fees. Defendants contend Plaintiffs acted in knowing violation of applicable copyright law and the Terms of Use of the applicable social media platforms, which expressly prohibit such commercial exploitation without a license or express permission from the copyright owners.

There is a jury demand.

DISCOVERY PROCEDURES

Fact discovery shall be completed by **OCTOBER 21, 2026**. All discovery shall be completed by **JANUARY 22, 2027**. For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so*. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.*

The Parties will propose an ESI protocol.

Any proposed protective order or clawback agreement shall be filed with the Court by **NOVEMBER 21, 2025**. A Word version of the proposed protective order should be sent to deavers_chambers@ohsd.uscourts.gov, for the Undersigned's signature.  Any provision related to sealing must comply with S.D. Ohio Civ. R. 5.2.1. Form protective orders are available on the Court's website.

DISPOSITIVE MOTIONS

Any dispositive motion shall be filed by **FEBRUARY 4, 2027**.

EXPERT TESTIMONY

Primary expert reports must be produced by **DECEMBER 1, 2026**. Rebuttal expert reports must be produced by **JANUARY 8, 2027**. If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties.  If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties.  Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff shall make a settlement demand by **DECEMBER 16, 2025**. Defendants shall respond by **JANUARY 9, 2026**.  The parties agree to make a good faith effort to settle this case. The parties intend to engage a private mediator to conduct mediation on before March 20, 2026. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **DECEMBER 2026**.  In order for the conference to be

meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

This case is related to Atlantic Recording Corp., et al. v. Designer Brands Inc., et al., No. 2:25 cv- 479 (S.D. Ohio) ("Warner Case") and Sony Music Entertainment has filed a related lawsuit in the Central District of California styled Sony Music Entertainment, et al. v. Designer Brands Inc., No. 2:25-cv-07285 (C.D. Cal.) ("Sony Case"). Plaintiffs may seek to consolidate discovery in the Warner Case with this case.

Plaintiffs have moved to dismiss the Sony Case on grounds of lack of personal jurisdiction, improper venue and the first-to-file rule; alternatively, Plaintiffs have requested that the Sony Case be transferred to this District. Plaintiffs have also moved to stay discovery in the Sony Case in favor of discovery in this case. Sony Music Entertainment has filed an opposition to Plaintiffs' motion to dismiss or, in the alternative, transfer the Sony Case, and has also filed an opposition to Plaintiffs' motion to stay the Sony Case.

Defendant Sony Music Entertainment filed a motion to dismiss and stay discovery in this case on October 20, 2025. Sony Music Entertainment agrees to the proposed scheduling dates without prejudice to its motion to dismiss and for a stay of discovery.

Plaintiffs have agreed to extend the deadline to move or plead for Defendants Sony Music Publishing (US) LLC, Universal Music Publishing Inc., UMG Recordings, Inc., and BMG Rights Management (US) LLC to December 4, 2026.

In view of the nature of the claims and defenses in this lawsuit, Plaintiffs anticipate third-party discovery from Meta Platforms, Inc., Instagram, LLC, ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok, Inc., and others.

If the foregoing does not accurately record the matters considered and the agreements reached at the conference, counsel will please immediately make their objection in writing. If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

**IT IS SO ORDERED.**

Date:  **November 3, 2025**              */s/ Elizabeth A. Preston Deavers*
                                         **ELIZABETH A. PRESTON DEAVERS**
                                         **UNITED STATES MAGISTRATE JUDGE**