**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DESIGNER BRANDS INC., *ET AL.*,

    *Plaintiffs,*

v.

SONY MUSIC ENTERTAINMENT, *ET AL.*,

    *Defendants.*

Case No. 2:25-cv-00765

**Judge Michael H. Watson**

**Magistrate S. Courter M. Shimeall**

### SME'S MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF WILL CRAVER OR, IN THE ALTERNATIVE, TO DISQUALIFY MR. CRAVER

Upon the accompanying memorandum of law, Defendant Sony Music Entertainment ("SME") respectfully moves to strike the supplemental declaration of William Craver submitted in support of Plaintiffs Designer Brands Inc., DSW Shoe Warehouse, Inc. and Topo Athletic LLC's (together, "DSW") motion to compel or, in the alternative, to disqualify Mr. Craver from representing DSW as counsel.

Date: June 22, 2026

    Respectfully submitted,

/s/ *Shawn J. Organ*
Shawn J. Organ, Esq. (0042052)
*Trial Attorney*
Connor A. Organ, Esq. (0097995)
ORGAN LAW LLP
1330 Dublin Road
Columbus, OH 43215
614-481-0900
sjorgan@organlegal.com
corgan@organlegal.com

Cynthia S. Arato, Esq. (*pro hac vice*)
Fabien M. Thayamballi, Esq. (*pro hac vice*)
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.

New York, NY 10036
212-257-4880
carato@shapiroarato.com
fthayamballi@shapiroarato.com

*Attorneys for the SME Parties*

## MEMORANDUM IN SUPPORT

SME respectfully moves, under Ohio Professional Conduct Rule 3.7 and the Court's inherent authority, to strike the Supplemental Declaration of William Craver submitted in support of DSW's motion to compel (Dkt. 91-2) or, in the alternative, to disqualify Mr. Craver from representing DSW.  In connection with DSW's reply brief for that motion, Mr. Craver— one of DSW's counsel of record—offered his own sworn testimony analyzing the contents of music at issue in this case, which analysis DSW maintains is critical to the issues adjudicated in this action.  Mr. Craver also purported to offer his pseudo-expert opinions about the music, given his alleged background as a musician.  Mr. Craver's testimony does not fall within any exceptions to Rule 3.7 and far exceeds the ordinary boundaries of an attorney's declaration submitted in support of a motion.

A lawyer may not serve as both a party advocate and a witness.  Because Mr. Craver's declaration does exactly that, his declaration should be stricken or he should be disqualified from acting as counsel to DSW.

## BACKGROUND

In its reply brief in support of its motion to compel, DSW relied on Mr. Craver's Declaration to support a merits-related contention it maintains "has the potential to fundamentally alter the nature of this case." (Dkt. 91 at 1).  According to DSW, SME has brought copyright claims based on DSW's use of mere "cover[s]" of SME Recordings, not DSW's use of SME's actual sound recordings, such that SME's claims will allegedly fail. (*Id*. at 2).[1]

---

[1] SME does not seek here to refute these spurious allegations, which are unfounded, for the reasons set forth in SME's sur-reply. (*See* Dkt. 92 at PAGEID #1334).

DSW did not engage an expert to testify about this supposed critical underlying fact.  Nor did DSW rely on any party or third-party witness.  Instead, DSW relied on its own attorney of record, William Craver, to testify about the results of an "investigation" he conducted as to whether DSW's social media posts at issue in this litigation used music that "may be covers of songs and not the SME Defendants' sound recordings." (*See* Supplemental Barron Declaration, Dkt. 91-1 ¶ 2, Supplemental Craver Declaration, Dkt. 91-2 ("Craver Supp. Decl.") ¶ 3).

Mr. Craver's Supplemental Declaration testifies about the results of that "investigation," which centered on a single recording "greedy" by the SME recording artist Tate McCrae (out of the more than 120 recordings currently at issue).  He reports that he "discovered that there were multiple nearly identical covers of 'greedy' … in circulation" along with online tutorials for making such covers. (Craver Supp. Decl. ¶ 3).  His testimony is not based on his role as counsel in this action.  Rather, he explains that, "[i]n addition to being a lawyer, [he] ha[s] been a musician for approximately 26 years." (*Id.* ¶ 5).  Based on that supposed musicological expertise, Mr. Craver explains that he "carefully re-listened to many of the accused posts in this case" and "found that many of the accused posts are not the same as the versions of the songs available from Spotify or YouTube and attributed to the SME Defendants' artists." (*Id.* ¶ 5).  He further offers a supposed musical comparison of the accused "greedy" posts with "the versions of the songs available from Spotify or YouTube," opining that the former are "missing a wood block sample on the fourth beat of the chorus" and lack a particular "underlying melodic motif" found in the Spotify and YouTube versions. (*Id.* ¶¶ 5–6).  He then appears to opine that the software tool that SME's witness relied upon to compare various versions of "greedy" is supposedly

2

faulty.[2]  In particular, he testifies that "in [his] experience," a software tool called "Audio Magic

does not consistently identify the correct piece of music and can be prone to 'mishits,'

particularly when the clip is short." (Craver Supp. Decl. ¶ 7).

DSW relies heavily on Mr. Craver's declaration as the evidentiary foundation for its

merits-related arguments on reply. (*See* Dkt. 91 at 2-4 (citing Craver Supp. Decl. *passim*)).

**ARGUMENT**

Ohio Professional Conduct Rule 3.7(a) provides that "[a] lawyer shall not act as an

advocate at a trial in which the lawyer is likely to be a necessary witness," unless the testimony

relates to an uncontested issue, relates to the nature and value of legal services, or

disqualification "would work substantial hardship on the client." Ohio Prof. Cond. R. 3.7(a).

Mr. Craver's declaration goes well beyond the exceptions to Rule 3.7 and the ordinary

boundaries of an attorney's declaration submitted in support of a pretrial motion.  The

declaration does not concern the "nature and value of legal services," and it addresses topics that

are hotly contested. (*See generally* Dkt. 92).  Nor does Mr. Craver's declaration merely "provide

a recitation of the relevant facts in the record," as may be permitted in an attorney declaration

accompanying a pretrial motion. *Dunn v. Cuyahoga Cnty.*, No. 1:23-CV-00364, 2026 WL

879235, at *11 (N.D. Ohio Mar. 31, 2026).

Rather, Mr. Craver's declaration reports his conclusions from an "investigation" into

facts that DSW itself avers are "critical" to the case. (*See* Dkt. 91 at 4 (arguing "the correct

identification of the music in accused posts … is critical to this case")).  Making matters worse,

Mr. Craver offers musical opinions purportedly based on his "26 years" of experience as a

---

[2] SME's witness testified regarding a comparison of the recordings by the software tool Audible
Magic. (Dkt. 90.1 ¶¶ 4–9).

"musician," veering into expert witness territory. (Craver Supp. Decl. ¶ 5).  *Cf. BSW Dev. Grp. v. City of Dayton*, No. C-3-93-438, 1995 WL 1671908, at *2 (S.D. Ohio Sept. 13, 1995) ("[T]he problems occasioned by [an advocate-witness's] testimony would be exacerbated by the fact that he has been named as an expert witness.").

Pursuant to Rule 3.7 and to avoid disqualifying Mr. Craver, his declaration should be stricken.  This Court has recognized that "if it were to consider the factual assertions in an attorney's affidavit to resolve contested factual matters, it would be required to disqualify counsel … ." *Reed Elsevier, Inc. v. Thelaw.Net Corp.*, 197 F. Supp.2d 1025, 1029 (S.D. Ohio 2002) (applying the materially identical predecessor to Rule 3.7).  The *Reed Elsevier* court thus chose not to consider the attorney's affidavit on the pretrial motion before the Court, so as to "avoid [disqualification]." *Id*.

Other district courts, including in this Circuit, have proceeded in a similar fashion, striking improper attorney testimony submissions, including so the attorney would not have to be disqualified.  For example, the court in *Mills v. Caruso* disregarded "as incompetent evidence" an attorney affidavit supporting the plaintiff's claims at summary judgement, where "under Rule 3.7 … he would not be available at trial as a witness," and the attorney was "attempt[ing] to straddle the roles of plaintiff's attorney and a fact witness." No. 1:09-CV-249, 2010 WL 1254576, at *2 (W.D. Mich. Mar. 26, 2010).  The court in *Aleynu, Inc. v. Universal Property Development & Acquisition Corp.* disqualified counsel who filed a "three-page affidavit … where he attempts to provide facts sufficient to defeat the plaintiff's motion [to dismiss]" and because of the "intolerable … likelihood that he will slip in and out of his role as advocate and fact witness." 564 F. Supp.2d 751, 757 (E.D. Mich. 2008).  The court in *Citrus Marketing Board of Israel v. M/V Ecuadorian Reefer* declined to "consider[] factual assertions" in a

4

party-attorney's affidavit in resolving a motion to stay, to avoid causing the attorney to "become a witness in the case" and face "mandatory withdrawal." 754 F. Supp. 229, 230 (D. Mass. 1990).

As in those cases, the Court should disregard Mr. Craver's Supplemental Declaration and DSW should be instructed that it may not rely on the perceptions or opinions of its counsel of record to support any future motion or at trial.

In the alternative, if DSW insists the Court consider the Supplemental Craver Declaration, the Court should disqualify Mr. Craver as counsel for DSW under Rule 3.7 "to prevent any problems that would arise from [Mr. Craver] having to argue the credibility and the effect of his or her own testimony," and "to prevent prejudice to [SME] that might arise therefrom." *Aleynu*, 564 F. Supp.2d at 757 (construing Michigan's identically worded Rule 3.7); *see also BSW Dev. Grp.*, 1995 WL 1671908, at *2 (the reason for disqualification is to prevent the lawyer from "distorting the truth for the sake of his client" or "vouch[ing] for his own credibility" and because it is "difficult … to cross-examine a witness who is also an adversary counsel concerning matters of fact") (construing predecessor to Rule 3.7 and quoting *International Electronics Corp. v. Flanzer*, 527 F.2d 1288, 1294 (2d Cir. 1975)).

Mr. Craver's declaration presents precisely those problems.  He cannot be permitted to testify regarding musicological opinions and conclusions in support of DSW's positions in this action and simultaneously advocate for DSW as its legal representative. *See, e.g.*, *Aleynu, Inc.*, 564 F. Supp.2d at 757 (it is "intolerable" for an attorney to "slip in and out of his role as advocate and fact witness").

As set forth above, Mr. Craver's testimony does not fall within the substantive exceptions for attorney testimony under Rule 3.7, so it should be stricken.

To the extent DSW declines to withdraw Mr. Craver's Supplemental Declaration and the

5

Court declines to strike it, disqualification is the appropriate remedy.  Disqualification would not work a hardship on DSW (the other Rule 3.7 exception), because its other attorneys of record can continue representing it. *See Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *4 (S.D. Ohio Mar. 22, 2001) (no substantial hardship from disqualification where party was also "represented by co-counsel"); *see also Henrob Ltd. v. Bollhoff Systemtechnik GMBH & Co. KG*, No. 05-CV-73214-DT, 2009 WL 92236, at *3 (E.D. Mich. Jan. 14, 2009) ("[W]hen another lawyer is capable of representation, and has been involved with the case a long time, disqualification of the lawyer-witness does not work a substantial hardship on the client.").

## CONCLUSION

For the foregoing reasons, SME respectfully requests that the Court strike Mr. Craver's Supplemental Declaration at Dkt. 91-2 or, in the alternative, disqualify Mr. Craver from continuing to represent DSW.

Date: June 22, 2026

Respectfully submitted,

*/s/ Shawn J. Organ*
Shawn J. Organ, Esq. (0042052)
*Trial Attorney*
Connor A. Organ, Esq. (0097995)
**ORGAN LAW LLP**
1330 Dublin Road
Columbus, OH 43215
614-481-0900
sjorgan@organlegal.com
corgan@organlegal.com

Cynthia S. Arato, Esq. (*pro hac vice*)
Fabien M. Thayamballi, Esq. (*pro hac vice*)
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
212-257-4880
carato@shapiroarato.com
fthayamballi@shapiroarato.com

*Attorneys for the SME Parties*

6

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that, on June 22, 2026, a true and accurate copy of the foregoing Motion and Memorandum was filed *via* the Court's ECF system and will therefore be served on any party that has appeared *via* that system.

/s/ Connor A. Organ

*One of the attorneys for the SME Parties*