UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Designer Brands Inc., *et al.*,

    Plaintiffs,

    v.

Sony Music Entertainment, *et al.*,

    Defendants.

Case No. 2:25-cv-765

Judge Michael H. Watson

Magistrate Judge Shimeall

## OPINION AND ORDER

This matter is before the Court on Sony Music Entertainment ("SME"),

SME US Latin LLC, Arista Music, Arista Records, LLC, Ultra Records, LLC,

Zomba Recording LLC, Records Label, LLC, and LaFace Records, LLC's

(collectively, the "SME Defendants") motion to dismiss and for a stay of

discovery. Mot., ECF No. 48. The motion is fully briefed and ripe for review.

ECF Nos. 69, 71.

For the below reasons, the Court **GRANTS** the SME Defendants' motion to

dismiss, Mot., ECF No. 48, and **DENIES AS MOOT** their motion for a stay of

discovery, *id.*

### I.    BACKGROUND

Designer Brands Inc. ("DBI") is a publicly traded holding company that

owns and operates various subsidiaries that sell shoes and other goods,

including DSW Shoe Warehouse, Inc. ("DSW") and Topo Athletic LLC ("Topo," and together with DBI and DSW, "Plaintiffs"). Am. Compl. ¶ 12, ECF No. 37.

DSW and Topo maintain social media accounts—on Instagram, TikTok and other social media platforms—where they post in support of their brands. *Id.* ¶ 3. In doing so, DSW and Topo have used the social media platforms' features to incorporate music in their posts. *Id.* Some of those posts include music in which the SME Defendants, Sony Music Publishing (US) LLC ("SMP"), UMG Recordings, Inc. ("UMG"), Universal Music Publishing Group, Inc. ("UMPG"), and BMG Rights Management (US) LLC ("BMG," and together with the SME Defendants, SMP, UMG, and UMPG, "Defendants") claim to own copyrights. *Id.* ¶¶ 5, 32. Defendants threatened to sue Plaintiffs for copyright infringement because of such conduct, *id.* ¶ 9, so Plaintiffs filed this action seeking declaratory judgment that they have not infringed any valid copyright held by Defendants, *id.* at PAGEID # 337.

Shortly after Plaintiffs filed this case, however, the SME Defendants filed an affirmative action for copyright infringement against Plaintiffs regarding the same conduct in the United States District Court for the Central District of California ("California Case"). *Sony Music Ent. v. Designer Brands Inc.*, No. 2:25-cv-07285-JC (C.D. Cal.).

Now, the SME Defendants move to dismiss this case against them as an improper anticipatory declaratory judgment action, as well as for lack of personal jurisdiction.[1] Mot., ECF No. 48.

## II. ANALYSIS

The first-to-file rule "is a well-established doctrine that encourages comity among federal courts of equal rank." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (citation modified). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Id.* (citation modified). However, "the first-filed rule is not a strict rule," and in the Sixth Circuit, there is effectively "a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit." *Id.* at 551–52 (citation omitted).

In other words, "when the first-filed action is a declaratory judgment action, the presumption under the first-to-file rule essentially flips . . . [and] the first-filed declaratory judgment action should ordinarily give way to a later-filed substantive suit." *Great Am. Ins. Co. v. Johnson Controls, Inc.*, No. 1:20-cv-96, 2020 WL 6073764, at *5 (S.D. Ohio Oct. 15, 2020) (citation modified). The basis for this policy is to protect against "depriv[ing] the plaintiff of his traditional choice of

---

[1] The SME Defendants also move for a stay of discovery pending the instant Opinion and Order. Mot., ECF No. 48.

forum and timing, and [] provok[ing] a disorderly race to the courthouse." *Lyons Indus. Inc. v. Am. Standard, Inc.*, 993 F. Supp. 609, 614 (W.D. Mich. 1997) (citation omitted).  So, courts will dismiss first-filed declaratory judgment actions as improperly anticipatory "where the parties and issues are the same, or essentially so, and it appears that the first filed suit was brought in anticipation of forthcoming suit by the substantive plaintiff." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.-UAW v. Dana Corp.*, No. 3:99-cv-7603, 1999 WL 33237054, at *6 (N.D. Ohio Dec. 6, 1999).

In the California Case, the United States District Court for the Central District of California analyzed whether this case is an improper anticipatory suit under the first-to-file rule.[2]  *Sony Music Ent. v. Designer Brands Inc.*, No. 2:25-cv-07285-JC, 2025 WL 3254597, at *13–17 (C.D. Cal. Nov. 17, 2025).  That court considered several "pertinent facts" in so doing.  *Id.*  It first acknowledged another case pending in this Court—*Atlantic Recording Corp., et al. v. Designer Brands Inc., et al.*, No. 2:25-cv-479 (S.D. Ohio) ("Warner Case")—where a different group of music labels and publishers sued Plaintiffs for copyright infringement based upon the same type of conduct at issue in this case and the California Case.[3]  *Id.* at *13.  The filing of the Warner Case "triggered multiple inquiries from other labels and music publishers," including the SME Defendants,

---

[2] The Central District of California applied the Ninth Circuit's formulation of this rule, but that formulation is the same as the Sixth Circuit's in all material respects.
[3] This Court has found that the Warner Case is related hereto.  ECF No. 8.

"regarding whether their copyrights were also implicated by" Plaintiffs' social media posts. *Id.* (citation modified).

Specifically, "on May 9, 2025, [the SME Defendants] first contacted DSW about [their] infringement claims." *Id.* The SME Defendants then connected with Plaintiffs regarding the same, and "[b]oth parties indicated that they hoped to resolve the dispute without resorting to formal litigation." *Id.* Then, on June 25, 2025, Plaintiffs "proposed a global mediation . . . involving [the SME Defendants] as well as other, unrelated music companies with similar infringement claims against" Plaintiffs. *Id.* at *14 (citation modified). The SME Defendants responded on July 9, 2026, indicating that they were "not interested in an industry wide mediation" and instead planned "to move ahead with preparing a complaint." *Id.* A few hours thereafter, Plaintiffs replied that they "continue[d] to believe that a broad settlement discussion is the way to go here, and [] will continue to work in that direction, irrespective of whether litigation starts." *Id.* But, "[r]oughly thirty minutes later," Plaintiffs filed this declaratory judgment action. *Id.* Plaintiffs did not serve their Complaint on the SME Defendants until August 8, 2026, however, which was two days *after* the SME Defendants filed the California Case based on the same alleged copyright infringement. *Id.*

Based on that chain of events, the court in the California Case found that "notwithstanding that [Plaintiffs] may have had good reasons to want to litigate the matter in the Southern District of Ohio," "the nature and timing of [the filing of this declaratory judgment action] strongly suggests that, above all else, it was

motivated by [Plaintiffs'] wish to beat [the SME Defendants] in a race to the courthouse door." *Id.* at \*16 (citation modified). As such, that court held that this case is an improper anticipatory declaratory judgment action and declined to dismiss the California Case pursuant to the first-to-file rule. *Id.* at \*17.

For the same reasons, this Court finds that this case is an improper anticipatory declaratory judgment action that should "give way to [the] later-filed substantive suit"—the California Case. *See Great Am. Ins. Co.*, 2020 WL 6073764, at \*5 (citation omitted). Accordingly, the SME Defendants' motion to dismiss Plaintiffs' declaratory judgment claims against them, Mot., ECF No. 48, is **GRANTED**.[4] The Court hereby **DISMISSES** the declaratory judgment claims asserted against the SME Defendants, Count I, Am. Compl. ¶¶ 79–86, ECF No. 37. The declaratory judgment claims asserted against the other Defendants, and the counterclaims asserted in response thereto, shall proceed.

The Court recognizes, however, that there is a motion to transfer the California Case to this Court that is currently pending before the Central District of California. *Sony Music Ent. v. Designer Brands Inc.*, No. 2:25-cv-07285-JC, ECF No. 82 (July 9, 2026 C.D. Cal.). If the Central District of California decides that transfer is warranted, the Court will welcome the return of this litigation between Plaintiffs and the SME Defendants.

---

[4] Because the Court grants the motion to dismiss on improper anticipatory filing grounds, it does not reach the SME Defendants' alternative argument for dismissal for lack of personal jurisdiction.

In light of this Opinion and Order, the SME Defendants' motion for a stay of discovery, Mot., ECF No. 48, is **DENIED AS MOOT**. Additionally, Plaintiffs' motion for leave to file a sur-reply, ECF No. 72, which seeks to address personal jurisdiction issues, is **DENIED AS MOOT**. Finally, Plaintiffs' motion to compel, ECF No. 88, the SME Defendants' motion for leave to file a sur-reply thereto, ECF No. 92, and SME's motion to strike in relation thereto, ECF No. 94, are all **DENIED AS MOOT**.

### III. CONCLUSION

For the above reasons, the SME Defendants' motion to dismiss, Mot., ECF No. 48, is **GRANTED**, and the Court **DISMISSES** the declaratory judgment claims asserted against the SME Defendants, Count I, Am. Compl. ¶¶ 79–86, ECF No. 37.

The SME Defendants' motion for a stay of discovery, Mot., ECF No. 48, is **DENIED AS MOOT**. Additionally, ECF Nos. 72, 88, 92, and 94 are **DENIED AS MOOT**.

The Clerk shall terminate ECF Nos. 48, 72, 88, 92, and 94 as pending motions.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**